■ RICHARD J. TAPLINGER, Appellant, v. KATE E. TAPLINGER, Respondent.— Order, entered September 6, 1967, modified, on the law, to reduce the amount representing the arrears of temporary alimony from February 7, 1967 to August 1, 1967 to the sum of $797.12, and order otherwise affirmed, without costs or disbursements to either party. The plaintiff husband is entitled to credit for all payments on account of alimony, including those made pursuant to the orders of this court (order to show cause, dated April 6, 1967 and order entered April 18, 1967) fixing the payments to be made pending the prior appeal from the order of Special Term entered March 31, 1967. Such payments included $134.76 per month for rentals of an automobile used exclusively by defendant wife and $8.22 to $11.20 monthly for Blue Cross and Blue Shield insurance maintained for her benefit. The plaintiff, however, is not entitled to credit for payments for these items voluntarily made prior to the orders of the court for payment of alimony. Nor may he receive credit for expenditures for automobile repairs since such payments were not made pursuant to court direction and, in any event, are not properly proven as an offset or credit. Concur — Botein, P. J., Stevens, Eager and Steuer, JJ.; McNally, J., dissents in the following memorandum: The principal issue on this appeal is the amount of arrears of temporary alimony and support. The order of Special Term, dated March 30, 1967, directs the

weekly payment of $190 as of February 7, 1967, allowing credit to plaintiff for such payments as may have been made to defendant since said date. Said order, in addition, directs plaintiff husband "·to continue payment of the mortgage and home loan interest and amortization charges, insurance, water charges, fuel, real estate taxes, repairs for the marital home * * * and * * * the tuition and board for the education of his son Lee S. Taplinger". This court, by order dated July 6, 1967, modified the order of March 30, 1967, by reducing the temporary alimony to $125 weekly, reducing the counsel fee, and eliminating the provision for tuition and board, and otherwise affirmed said order. We "noted that the plaintiff has been directed to continue paying all carrying and utility charges relating to the marital home." (28 A D 2d 833.) The gross amount of arrears is not in dispute. Plaintiff husband asserts setoffs for payments in behalf of defendant wife for the rental and repair of an automobile for her use, Blue Shield and Blue Cross. Pending the prior appeal, enforcement of the order of March 30, 1967, was stayed on condition that plaintiff husband pay temporary alimony of $125 weekly and continue to pay for and in behalf of defendant the support and maintenance items he had been paying prior to March 30, 1967. The measure of plaintiff's obligation for temporary alimony and support is the order of March 30, 1967, as modified. Said order provides for direct payments to defendant and, in addition, payments to be made by plaintiff for the maintenance and support of defendant and the issue of the parties. The sole remission provided for in said order is as to prior payments to defendant. It provides for "credit to plaintiff for such payments as may have been made to defendant since said date [Feb. 7, 1967]." The payments allegedly made by plaintiff for rental and repairs to the automobile, Blue Shield and Blue Cross are not payments made to defendant. Moreover, the said payments are not within the category of payments required by said order which are related to the marital residence. Plaintiff has no remedy against defendant for the maintenance and support he provided prior to the order of March 30, 1967. The prospective provisions thereof likewise are unaffected by the prior support payments. Insofar as the order required retroactive support, we must look to and are governed solely by its provisions. The obligation to pay retroactive support is mitigated solely to the extent of payments "made to defendant" and does not include automobile or other payments by plaintiff. The order of March 30, 1967, makes no provision for said payments. Even if it be assumed they were excessive support payments, there is no right of restitution with respect thereto. (*Baker* v. *Baker,* 17 A D 2d 924.) It is irrelevant that plaintiff continued with said payments pending the appeal from the order of March 30, 1967. The sole tenable bases for the claimed setoffs are the provisions of said order, and in my judgment plaintiff has failed to bring himself within the credit allowance therein provided.